OPINION AND ORDER
A Petition for Review of the Tribal Trial Court Order of June 2, 2014, was timely filed by Appellant Caleb Gourneau dba Eagle Hunter Construction. On June 23, 2014, the Tribal Trial Court granted a Stay of Judgment. The matter is fully briefed. We affirm the Tribal Trial Court in accordance with the following.
Plaintiff/Appellant Caleb Gourneau, (“Mr. Gourneau”), filed a Complaint against the Fort Peck Housing Authority, *21 (“FPHA”), on May 13, 2013, generally alleging he had entered into a contract with the FPHA for which he had not been paid. The FPHA filed a Motion to Dismiss on July 3, 2013. Mr. Gourneau did not timely respond to the FPHA Motion to Dismiss. Six months later, on December 5, 2013, Mr. Gourneau filed an Amended Complaint, without obtaining leave of Court, as required by Fort Peck Tribes. Trial Court Rule of Civil Procedure 5-2, (requiring leave of Court to file an amended Complaint along with a copy of the proposed amendment.) Even though Mr. Gourneau had not responded to the FPHA July 2013 Motion to Dismiss, on December 23, 2013, the FPHA filed a Motion to strike the Amended Complaint and a Motion to Dismiss the Amended Complaint. Mr. Gourneau did not timely respond to the December 2013 FPHA Motions. On April 14, 2014, the Tribal Trial Court held a hearing on pending Motions and directed Mr. Gourneau to respond to the July 2013 Motion to Dismiss. On June 2, 2014, the Tribal Trial Court dismissed the case, ruling that the FPHA was immune from suit regardless of which Complaint was in place. The Tribal Court further correctly determined that the Amended Complaint had not been properly filed. In view of this we have corrected the caption of the Court of Appeals case to reflect that the only party properly before the Court is the Fort Peck Housing Authority.
The Tribal Trial Court ruled correctly that it lacked subject matter jurisdiction over this matter due to the sovereign immunity of the FPHA as an arm of the Tribal government. No express waiver of tribal sovereign immunity has been or can be established. See, Reddoor v. Wetsit, et al., FPCOA No. 95; DeCoteau v. Tribes, FPCOA No. 363. Tribal Ordinance 3-A, as amended, Art. V, § 2 a, provides:
The Council hereby gives its irrevocable consent to allowing the Authority to sue in its corporate name, upon any contract, claim or obligation arising out of its activities under this Ordinance. The Council also hereby authorizes the Authority to agree solely by contract or other written obligation to waive the Authority’s sovereign immunity from suit, immunity which the Authority possesses as an arm of the tribal government, provided that no waiver of the Authority’s immunity shall be effective unless the Board adopts a Resolution expressly approving the contract or obligation containing the waiver, including any limitations thereon. The Tribe shall not be liable for the debts or obligations of the Authority, except insofar as expressly authorized by this Ordinance. Thus, according to this Ordinance, the
FPHA may only be sued when its immunity has been expressly waived by resolution. No such resolution applicable to this matter has been enacted.
IT IS HEREBY ORDERED that the Order of the Tribal Trial Court dismissing the Complaint is affirmed.